IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Case No. 1:10-CR-392 |
| ) | |
| Plaintiff, ) | Judge: Donald C. Nugent |
| ) | |
| v. ) | |
| ) | |
| ) | **MOTION TO SUBSTITUTE** |
| MANUEL TUDOR, ) | **COUNSEL OF RECORD** |
| ) | |
| Defendant. ) | |

**COMES NOW** the defendant, above named, pro-se in this instant action, and hereby requests this Honorable Court for an order dismissing counsel of record and appointing in his place an Attorney under the *Criminal Justice Act of 1964* (18 U.S.C.A. § 3006A). The defendant provides the following as grounds:

## I. FACTS

1. The defendant has scarcely enjoyed communication with attorney of record; Henry Hilow, he's prejudiced by lengthy terms of absence whereby the defendant is unable to communicate *at all* with Attorney Hilow.

2. The defendant has made various reasonable and applicable requests to counsel which have largely been ignored. Including requests for discovery material, a copy of the indictment nor was he made aware of his guidelines in this matter. The only information the defendant has is the information obtained as a result of the arraignment, yet did not receive one retainable document relating to this matter to date.

3. Counsel has failed, is unwilling, and/or is predisposed to a disposition of being derelict in performing his duties under Professional Rules of Conduct standards and applicable law which calls for *effective assistance* of counsel in line with *Strickland v. Washington*, 466 U.S. 668 (1984), and it's progeny.

1

## II. APPLICATION OF LAW

The defendant bears the initial burden to "bring any serious dissatisfaction with counsel to the attention of the district court." Benitez v. United States, 521 F.3d 625, 632 (6th Cir. 2008).

A defendant facing the possibility of incarceration has a Sixth Amendment right to counsel at all "critical stages" of the criminal process, and a sentencing hearing is one type of "'critical stage' at which the right to counsel attaches." King v. Bobby, 433 F.3d 483, 490 (6th Cir. 2006) (quoting United States v. Wade, 388 U.S. 218, 224, 87 S. Ct. 1926, 18 L. Ed. 2D 1149 (1967)). The right to counsel can be waived, but only where such waiver is "knowing, voluntary, and intelligent." Id. (citing Johnson v. Zerbst, 304 U.S. 458, 464, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938)). A violation of a defendant's right to counsel at a critical stage is a structural error, and is therefore not subject to an analysis of whether the error was harmless or prejudicial. United States v. Gonzalez-Lopez, 548 U.S. 140, 126 S. Ct. 2557, 2566, 165 L. Ed. 2D 409 (2006) (concluding that a Sixth Amendment violation of the right to counsel of choice "is not subject to harmless-error analysis"); United States v. Barnett, 398 F.3d 516, 526 (6th Cir. 2005) (noting that a defendant is not required to demonstrate prejudice when there is a "structural error," such as a violation of the right to counsel). Citing *Benitez* Supra.

"Both defendant and his attorney informed the district court that defendant had fired the attorney and did not want the attorney to represent him; those statements were sufficient to trigger the court's duty to inquire into the source and nature of the dissatisfaction. The court's failure to do so violated his Sixth Amendment right to counsel." *Id. Benitez.*

The Sixth Amendment is implicated where a criminal defendant seeks to change the status of his representation. This kind of "change" of status usually arises in one of two ways: (1) a defendant seeks to invoke his right to self-representation, see, e.g., United States v. McBride, 362 F.3d 360, 366 (6th Cir. 2004) (concluding that the defendant had successfully invoked the right to self-representation where he knowingly and intelligently waived the right to counsel), or (2) a defendant seeks to substitute his counsel, see, e.g., United States v. Green, 388 F.3d 918, 922, 106 Fed. Appx. 358 (6th Cir. 2004).

As with an assertion of the right to self-representation, a defendant wishing to substitute counsel must "bring any serious dissatisfaction with counsel to the attention of the district court." United States v. Iles, 906 F.2d 1122, 1131-32 (6th Cir. 1990) (requiring the defendant to "show his hand" by alerting the district court of his desire to substitute counsel). Once a defendant does so, the district court is

obligated to inquire into the defendant's complaint and determine whether there is good cause for the substitution. Id. at 1131 ("It is hornbook law that when an indigent defendant makes a timely and good faith motion requesting that appointed counsel be discharged and new counsel appointed, the trial court clearly has a responsibility to determine the reasons for defendant's dissatisfaction with his current counsel." (alterations and internal quotation marks omitted)).

As a result of the above and foregoing, there has been a break-down in the attorney-client relationship which is substantial and calls for a dismissal of counsel of record.

### III. RELIEF

**WHEREFORE;** in light of the above and foregoing, the defendant requests relief from this Honorable Court in the form of an order for dismissal of counsel of record and subsequent appointment of an Attorney pursuant to the *Criminal Justice Act,* or other relief this Court deems just and proper.

Date: July 17, 2018

Respectfully submitted,

/s/ _____

By: Manuel Tudor
USMS No. <u>65500060</u>
2240 Hubbard Rd.
Youngstown, OH 44505